**UNITED STATES of America, Appellee,**

v.

**Robert Anthony JENNEWEIN, Appellant.**

**No. 78–5076.**

United States Court of Appeals, Sixth Circuit.

Argued July 5, 1978.

Decided Aug. 10, 1978.

Anthony H. Ambrose, Louisville, Ky., for appellant.

Albert Jones, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., Mikell Grafton, Prospect, Ky., for appellee.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

This appeal, perfected from the defendant-appellant's conviction pursuant to jury

---

verdict for theft from interstate shipment in violation of 18 U.S.C. § 659, has been submitted on the record on appeal and on the briefs and oral arguments of counsel. We conclude that the other grounds urged by the appellant are without merit, but that under the first contention presented by him we are required to reverse the judgment of conviction.

That contention concerns the instructions to the jury given by the trial judge as to the inferences which might be drawn from the defendant's unexplained possession of property shown to have been recently stolen from an interstate shipment. As Mr. Justice Powell observed in *Barnes v. United States*, 412 U.S. 837, 843, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), "For centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods." That opinion goes on to hold that such an instruction to the jury satisfies the reasonable doubt standard and comports with due process, and had the trial judge in the present case similarly charged and stopped there no problem would be presented. However, he did not stop there. He charged that "possession of property recently stolen if not satisfactorily explained is . . . ordinarily a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances shown by the evidence in this case that the person in possession not only knew it was stolen property *but also participated in some way in the theft of the property.*" (Emphasis supplied.) In the following paragraph, he similarly charged, "If you find beyond a reasonable doubt . . . that the microwave ovens described in this indictment were stolen and, that while recently stolen, the property was in the possession of the accused, you may from those facts draw the inference not only that the ovens were possessed by the defendant with knowledge that the property was stolen, *but that also the accused participated in some way in the theft of the property.*" (Emphasis supplied.)

Neither *Barnes, supra,* nor any other authority cited or discovered justifies the additional inference that would permit the finder of fact to conclude that the possessor of stolen property by virtue of such possession may be deemed to have participated in its theft. Indeed, in the circumstances reflected in the present record, the inclusion of the questioned language in the charge to the jury caused it to virtually equate an instruction to return a verdict of guilty.

The judgment of conviction is vacated and the cause is remanded to the district court for further proceedings not inconsistent herewith.